ANSTEAD, Judge,
dissenting:
On the present state of the record it is uncontradicted that the appellants’ attorney withdrew from this cause without notice to appellants and that the cause then proceeded to final disposition without any notice to the appellants. As soon as the appellants learned of the entry of final judgment they moved to set it aside. As noted above, these facts are not in dispute.
Rule 2.060(i) of the Rules of Judicial Administration provides:
(i) Withdrawal of Attorney. An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney may file a motion for that purpose stating the reasons for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties.
The motion to withdraw contained no certification that a copy had been served upon appellants as required by Rule 2.060(i). In fact, no notice was given to the appellants, who are residents of Pennsylvania, even though their address was in the court file and set out in the original summons and return.
The motion to withdraw specifically alleged the appellants’ absence from the area as the reason the attorneys sought to withdraw. Notwithstanding the above, the order authorizing withdrawal reflected that a copy thereof was being sent to appellants at an erroneous local address in Fort Lauder-dale. The source of the erroneous address is not contained in the record. All further *202 notices to appellants were sent to the erroneous address notwithstanding the fact that appellants’ correct address was clearly set out in the court file.
If an attorney withdraws, and no other attorney is substituted in his place, a party is at least entitled to continuing notice of the proceedings. In this case, since the record reflects that the appellants’ correct address was in the court file I believe they were entitled to notice at that address.
I agree with the majority that the attorney in question may be subject to sanctions, and perhaps even legal action, if indeed the appellants never received notice of the withdrawal as the record presently reflects. However, I do not believe the attorneys’ negligence should prevent the appellants from being relieved of the effects of a final judgment entered on the erroneous assumption that appellants were receiving notice of the ongoing proceedings when in fact notice was being sent to them at an incorrect address despite the fact the court file contained their correct address.